**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

THOMAS GLASS,

                Plaintiff,

v.

STATE OF NEW YORK SUPREME COURT, APPELLATE DIVISION; ERICA PUTNAM LITTLE, Officer of the Court in their Official Capacity; KIMBERLY E. BURNS, Officer of the Court in their Official Capacity,

                Defendants.

1:17-CV-226
(LEK/CFH)

---

**APPEARANCES:**

Thomas Glass
3 Millpaint Lane, Apt. 1C
Owings Mills, Maryland 21117
Plaintiff Pro se

New York State Attorney General, Albany
The Capitol
Albany, New York 12224
Attorneys for Defendants[1]

**OF COUNSEL:**

MARK G. MITCHELL, ESQ.

### REPORT-RECOMMENDATION AND ORDER

Presently pending before the Court is plaintiff pro se Melvin M. Marin's application to proceed in forma pauperis. Dkt. No. 2.

---

[1] Attorneys for defendants appeared in this action prior to this Court's initial review of plaintiff's complaint. Dkt. No. 4. This Court denied defendants' request for an extension of time to respond, noting that, "[a]s this case is under initial review, and the IFP motion filed by Plaintiff has not been decided and that summonses have not been issued; no answer deadline is currently pending. An answer deadline will be set once Plaintif's IFP status is determined, summonses are issued and proper service upon defendants is effectuated." Dkt. No. 7. Defendants are reminded that no response is due unless and until plaintiff's complaint has proceeded past the IFP process, including review by the assigned District Judge.

## I. In Forma Pauperis Application

After reviewing plaintiff's IFP Application, the Court finds that he may properly proceed with this matter in forma pauperis.[2]  See Dkt. No. 2.

## II. Initial Review[3]

As the Court has found that plaintiff meets the financial criteria for commencing this case in forma pauperis, the Court must now assess the sufficiency of the complaint in light of 28 U.S.C. § 1915(e).  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.  In reviewing a pro se complaint, the court must be mindful that the plaintiff's pleadings should be held to "less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

To state a claim on which relief can be granted, a complaint must contain, inter

---

[2] Despite IFP status, plaintiff may still be responsible for any costs he may incur, such as copying fees or witness fees.

[3] Any unpublished decisions cited within this Report-Recommendation and Order have been provided to plaintiff pro se.

2

alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Further,

> [d]etermining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — that the pleader is entitled to relief.

Iqbal, 556 U.S. at 679 (internal citation omitted); FED. R. CIV. P. 8(a)(2).

Here, plaintiff contends that defendants violated his constitutional rights under the Fourteenth Amendment's Due Process and Equal Protection Clauses and under the New York State Constitution insofar as they refused to accept his papers and schedule him for a term of court. Dkt. No. 1 ("Compl.") at 3 ¶10. To the extent it can be determined from the Complaint, on approximately March 16, 2016, plaintiff sought to file a brief and appendix with the State of New York Supreme Court, Appellate Division, Third Judicial Department ("Appellate Division"),[4] seeking an appeal of a lower court

---

[4] Although plaintiff fails to specify in his caption *which* Appellate Division he seeks to bring this action against, it is clear from the "exhibits" appended to his complaint that he wishes to sue the Appellate Division, Third Department. See generally Compl. at 6-7.

3

determination. Id. at 1. The Appellate Division rejected plaintiff's appeal, informing him that "it is necessary for you to filed [sic] a stipulated record on appeal before this matter will be scheduled for a term of court." Id. at 6. In a June 1, 2016 letter from Kimberly E. Burns, plaintiff was informed that his record on appeal

> must also include a title page and a table of contents which lists your argument(s). If you are perfecting this appeal by the filing of an original and nine copies of a stipulated record on appeal, cite to the pages of the record. Or if you are perfecting by the filing of a single copy of a stipulated record you must prepare an appendix to accompany each appellant brief. The appendix must include a copy of the notice of appeal, order on appeal and which ever [sic] pages you are citing to support your argument. Your appendix must have a table of contents and be numbered in a single consecutive series (A1, A2, A3, etc.). Samples have been enclosed. Additionally, there is a $315 filing fee due upon the filing of the record on appeal.

Compl. at 6. Plaintiff contends that on December 10, 2016, he "made the required correction to 'perfect the appeal'" by "resubmitt[ing] the original with nine copies with 10 copies of the record on appeal to the clerk of the courts." Id. at 2. On or about December 19, 2016, plaintiff was sent a letter signed by defendant Kimberly E. Burns "acknowledg[ing] receipt of an original and nine copies of [plaintiff's] appellant's brief and appendix." Id. at 7. The letter advised plaintiff that,

> before this matter will be placed on the term of the court it is necessary for you to file a single copy of a stipulated record on appeal. It is also necessary for you to request an extension of time to perfect the appeal pursuant to section 800.12, setting forth both a reasonable excuse for the delay and facts showing merit to the appeal. There is a filing fee of $315.00 due upon the filing of the stipulated record on appeal.

Id.

4

Plaintiff argues that, in attempting to certify the record on appeal, Rule 800.7 of the Rules of Practice permits three options to certify the record, and that he chose "option 2" which allows "the lower court clerk can certified [sic] the record on file, plaintiff was not successful requesting the adversary to stipulation [sic] the record, the certificate was included in the appendix by reviewing the case docket for original filings and certified court copies to the correctness of the record." Compl. at 3. Plaintiff further contends that, after receiving the December 19, 2016 letter, he met with a clerk of the Appellate Division[5] and

> advised the clerk that the brief and appendix is accompanied with an order from the court appealed (State of New York Court of Appeals) from stating . . . The plaintiff is order [sic] to file appeal processes at the third dept. And proceed without court cost which is accompanied with the proper clerk certification.

Id. at 3. Plaintiff contends that the clerk of the court

> advised plaintiff that option 2 does not satisfy the court, in order for the clerk to accepted [sic] the appeal and schedule for term of court, the plaintiff must only stipulate to the correctness of the record which is option 3 pursuant [sic] part 800.7(a)(2)[]of the rules of practice[.]

Id.

Plaintiff demands that this Court: (1) "assume jurisdiction over this matter"; (2) [d]eclare that Defendants' acts and omissions violated the rights of plaintiff under the Fourteenth Amendment Equal Protection Clause"; (3) "[d]eclare that Defendants' acts and Fourteenth Amendment Due Process Clause"; (4) "[d]eclare that Defendants'

---

[5] Plaintiff does not specify whether this clerk was one of the named defendants.

acts and omissions violated the rights of plaintiff under the New York State Constitution's Due Process Clause;" (5) require defendants to schedule plaintiff's case for a term of court because "Plaintiff needs the case to proceed under court rules of practice, ultimately seeking vindication of a traffic citation issued in error"; and (6) grant "any other relief the Court deems appropriate[.]" Compl. at 4.[6]

Although plaintiff does not cite the statute under which he seeks to bring this action, claims for monetary relief for actions taken in violation of one's constitutional rights under the color of state law are brought under 42 U.S.C. § 1983. However, plaintiffs claims against the Appellate Division must fail because courts are not "persons" for the purposes of § 1983. See, e.g., Zuckerman v. Appellate Div., Second Dept., Supreme Court of State of N.Y., 421 F.2d 625, 626 (2d Cir. 1970). Furthermore, "'[a] suit against a state court . . . is considered to be a suit against the state, and is therefore also prohibited by the Eleventh Amendment." Peterson v. New York State Court of Appeals, 12-CV-1873 (GLS/CFH), 2012 WL 7480033, at *2 (N.D.N.Y. Dec. 27, 2012) (citing Abrahams v. Appellate Div. of Supreme Court, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007)), adopted by 2013 WL 705340 (N.D.N.Y. Feb. 25, 2013).

Court clerks have quasi-judicial immunity for actions taken "pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court" and all the acts were "judicial in nature and an integral part of the judicial process."

---

[6] Although judicial immunity bars claims for retrospective declaratory relief, where there is an ongoing injury, such claims are not barred. See, e.g., Moore v. City of New York, 12-CV-4206 (RRM/LB), 2012 WL 3704679, at *2 (E.D.N.Y. Aug. 27, 2012). As plaintiff argues continuing violations, the undersigned does not recommend dismissal of his declaratory relief request on this ground. See Compl. at 3 ¶10.

6

Humphry v. Court Clerk for the Second Circuit, 08-CV-0363 (DNH/DEP), 2008 WL 1945308, at *2 (N.D.N.Y. May 1, 2008) (citing Rodriguez v. Weprin, 116 F.3d 62, 66-67 (2d Cir. 1997)); see also Mai v. Doe, 5 F. App'x 78, 78 (2d Cir. 2001) (summary order); Pikulin v. Gonzalez, No. 07 Civ. 412(CBA), 2007 WL 1063353, at *2 (E.D.N.Y. Apr. 5, 2007) ("Absolute judicial immunity extends to court clerks who are performing tasks 'which are judicial in nature and an integral part of the judicial process . . . including the Clerk's Office activities of filing and docketing legal documents . . . ."). A court clerk may not be entitled to immunity "where the clerk's refusal to accept papers of a litigant seeking to commence an action under a state statute results in the deprivation of the litigant's constitutional rights." Humphrey, 2008 WL 1945308, at *2 (citing LeGrand v. Evan, 702 F.2d 415, 418 (2d Cir. 1983)).

It is clear from the complaint that plaintiff attempted to certify his record for submission to the Appellate Division under Rule 800.7(a)(2) – submission of a reproduced full record certified by "a certificate of the proper clerk." Plaintiff appears to suggest that defendants improperly stated that he did not comply with the Rules of Practice because he did not include a copy of the record on appeal. Compl. at 3 ¶¶ 7-9. He argues that he included a copy of the record on appeal in the appendix and that this satisfies Rule 800.7(a)(2). Id. Plaintiff provides that he met with an Appellate Division clerk and explained to the clerk that the record was included in the appendix. Id. Plaintiff further contends that he met the requirements of Rule 800.7(a) because, although he was unable to obtain a stipulation from his opponent, he submitted certifications signed by Bruce A. Hidley, Clerk of Albany Supreme Court, who certified

7

that the "Complaint," "Motion," and "Affidavit in Support" are the same as those filed with the Clerk's Office on December 4, 2015.  Id. at 12.  Plaintiff asserts that the defendants told him that "option 2" under Rule 800.7(a)[7] "does not satisfy the court" and that plaintiff "must only stipulate to the correctness of the record which is option 3 pursuant part [sic] 800.7(a)(3)[] of the rules of practice[.]"  Id. at 3 ¶9.  Plaintiff has not indicated whether he has attempted to certify by stipulating to the correctness of the record under Rule 800.7(a)(3) and requesting an extension.  See generally id. at 3, 7.

Construing plaintiff's complaint with substantial leniency, assuming that plaintiff satisfied all requirements of Rule 800(a)(2) by providing a "reproduced full record" certified by "a certificate of the proper clerk," that the reproduced copy was marked "original record," and that any transcripts that may have been included in the record were "settled in the manner provided in section 800.6(c)," it is at least arguable that, if plaintiff met all of the requirements of Rule 800.7(a) that the court clerks, in refusing to accept his appeal, may have deprived him of his constitutional rights.  Humphrey, 2008 WL 1945308, at *2; cf. McKnight v. Middleton, 699 F. Supp. 2d 507, 626 (E.D.N.Y. 2010) (concluding that a court clerk who "failed to process" the plaintiff's motions was entitled to "absolute immunity" where the clerk was performing functions pursuant to established court procedures and the plaintiff did not plead that he complied with the court's established court procedures for filing motions).

However, even assuming – solely for purposes of this Decision and Order – that

---

[7] See Rules of Practice.  Available at: http://www.courts.state.ny.us/ad3/RULESOFP.PDF (last visited Apr. 24, 2017).

8

plaintiff otherwise has met all other requirements of the Rules of Practice for certifying his record on appeal before the Appellate Division, he has not demonstrated that he paid the Court's filing fee. See generally Compl. Although not raised directly by plaintiff, based on the papers he annexed to his complaint, it appears that his appeal was refused by the Appellate Division, in part, due to his failure to pay the filing fee of $315.00. Compl. at 6-7. Plaintiff appears to suggest that he was not required to pay the fee because he included with his proposed appeal an Order from the "court appealed," the "State of New York Court of Appeals" which states that "[t]he plaintiff is order [sic] to file appeal process at the third dept. And proceed without court cost which is accompanied with the proper clerk certification." Compl. at 3 ¶ 8. Plaintiff refers the Court to his exhibits "d" and "f." Although the Court of Appeals transferred the appeal to the Appellate Division "without costs," the Order makes clear that it is the *transfer* that is without costs, not that plaintiff will be able to file in the Appellate Division without costs. Id. at 3 ¶8 (citing id. at 10-11). Thus, it is unclear whether plaintiff complied with either paying the filing fee or applied for poor person's relief at the Appellate Division permitting such fee to be waived.

In addition, plaintiff alleges, among other things, that defendants violated his Fourteenth Amendment Equal Protection rights. Compl. at 4. However, plaintiff has not alleged that he belongs to any suspect class or intentional discrimination under a "class of one theory." "To establish an equal protection cause of action, a plaintiff must prove that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination directed at an identifiable or suspect class.

9

Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995). Alternatively, a plaintiff may proceed under a "class of one" Equal Protection claim, wherein

> the plaintiff must prove that he was intentionally treated differently from others similarly situated without a rational basis for the difference in treatment. Different treatment must be based upon 'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.

Fortunatus v. Clinton County, N.Y., 936 F. Supp. 2d 329, 337 (N.D.N.Y. 2013) (quoting Bizzarro v. Miranda, 394 F.3d 82, 86 (2d Cir. 2005) (internal citation omitted)).

Here, plaintiff's complaint fails to allege any facts plausibly suggesting that he was treated differently than others similarly situated as a result of purposeful discrimination, that he is a part of a suspect class, or, for purposes of a "class of one" argument that "an extremely high degree of similarity between himself and the person(s) to whom he compares himself." Fortunatus, 937 F. Supp. 2d at 337 (citation omitted); See Harris v. Summers, 14-CV-13 (LEK/DEP), 2014 WL 3105602, at *3 (N.D.N.Y. July 7, 2014) (dismissing the plaintiff's Fourteenth Amendment Equal Protection claim for failure to allege facts suggesting membership in a suspect class). Accordingly, insofar as plaintiff alleges constitutional violations pursuant to the Fourteenth Amendment's Equal Protection clause against defendants Little and Burns, it is recommended that these claims be dismissed without prejudice.

The undersigned concludes similarly regarding plaintiff's attempt to allege Equal

10

Protection violations under the New York State Constitution. Compl. at 4.[8] However, plaintiff has not alleged membership in a class protected under the New York State Constitution's Equal Protection Clause or asserted any facts to support that defendants actions occurred due to his membership in a protected class.[9] Accordingly, the undersigned recommends dismissal of plaintiff's equal protection claims arising under the New York State Constitution without prejudice.

Finally, plaintiff specifies that he intends to sue Little and Burns in their official capacities. See Compl. Complaints against state officials sued in their official capacities are barred under the Eleventh Amendment. See, e.g., Kentucky v. Graham, 473 U.S. 159, 167 (1985). Thus, it is recommended that, insofar as plaintiff attempts to proceed with claims against these defendants in their official capacities, such claims be dismissed with prejudice. However, to the extent that plaintiff may be able to demonstrate claims on the merits in the future, claims against these defendants in their personal capacities would not be barred by the Eleventh Amendment because "[s]uits

---

[8] Article 1, § 11 of the New York State Constitution states:

> No person shall be denied the equal protection of the laws of this state or any subdivision thereof. No person shall, because of race, color, creed or religion, be subjected to any discrimination in his or her civil rights by any other person or by any firm, corporation, or institution, or by the state or any agency or subdivision of the state.

N.Y. Const., art. I, § 11.

[9] Although federal courts have permitted damage claims for equal protection claims arising out of the New York State Constitution, such claims are only permitted when it is determined that the "plaintiffs have no alternative remedies that would protect their interests." Vilkhu v. City of N.Y., 06-CV-2095 (CPS/JO), 2008 WL 1991099, at *8 (E.D.N.Y. May 5, 2008) (citing Brown v. State of N.Y., 89 N.Y.2d 172 (N.Y. 1996)). Although plaintiff has not, at this time, raised a viable equal protection claim under the Fourteenth Amendment, should he raise such viable claim in the future, then his state Equal Protection likely cannot proceed.

11

against state officials in their personal capacity are not barred by the Eleventh Amendment, even for actions required by their official duties . . . ." N.Y. State Corr. Officers & Police Benevolent Ass'n, Inc. v. New York, 911 F. Supp. 2d 111, 131 (N.D.N.Y. 2012) (citing Hafer v. Melo, 502 U.S. 21, 31 (1991)).

Accordingly, it is recommended that plaintiff's complaint against defendants Little and Burns be dismissed without prejudice and with opportunity to amend in order to provide plaintiff an opportunity to demonstrate that he met all of the requirements of Rule 800(a)(2) *and* either paid the Appellate Division's filing fee of $315.00 or applied directly *to the Appellate Division* for "poor person's relief" in order to be determined eligible to proceed without paying the fee.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that plaintiff's complaint, insofar as it is asserted against defendant State of New York Supreme Court, Appellate Division pursuant to 42 U.S.C. § 1983 be **DISMISSED with prejudice**; and it is further

**RECOMMENDED**, that all of plaintiff's claims against defendants Erica Putnam Little and Kimberly E. Burns in their *official capacities* be **DISMISSED with prejudice**;

**RECOMMENDED**, that plaintiff's complaint, insofar as it is may be read as asserted against defendants Erica Putnam Little and Kimberly E. Burns in their *personal capacities* be **DISMISSED without prejudice**; and it is further

**RECOMMENDED**, that plaintiff's claims arising under the Fourteenth

12

Amendment's Equal Protection Clause and Article 1, § 11 of the New York State Constitution be **DISMISSED without prejudice**, and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: April 26, 2017
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge