UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

THOMAS GLASS,

                Plaintiff,

  -against-                                     1:17-CV-0226 (LEK/CFH)

STATE OF NEW YORK SUPREME
COURT, APPELLATE DIVISION, *et al.*,

                Defendants.

# **ORDER**

This matter comes before the Court following a Report-Recommendation filed on April 26, 2017, by the Honorable Christian F. Hummel, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 8 ("Report-Recommendation").

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), overruled on other grounds by Widomski v. State Univ. of N.Y. (SUNY) at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party

be allowed a second bite at the apple by simply relitigating a prior argument." (quoting Howell v. Port Chester Police Station, No. 09-CV-1651, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010))). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

No objections were filed in the allotted time period. Docket. The Court has therefore reviewed the Report-Recommendation for clear error.[1] While the outcome of the Report-Recommendation, namely the dismissal of Plaintiff's complaint, Dkt. No. 1 ("Complaint"), is surely right, the Court must correct one issue with the dismissal of the individual defendants in their official capacities. While it is true that the Eleventh Amendment bars suits for money damages against state officers in their official capacities, e.g., Kentucky v. Graham, 473 U.S. 165–67 (1985), and against states themselves and their agencies in all cases, e.g., Hamzik v. Office for People with Developmental Disabilities, 859 F. Supp. 2d 265, 275 (N.D.N.Y. 2012) (citing Cory v. White, 457 U.S. 85, 90–91 (1982)), it does not bar suits against state officials in their official capacities when plaintiffs seek prospective injunctive relief, e.g., Hutto v. Finney, 437 U.S. 678, 690 (1978) (citing Ex parte Young, 209 U.S. 123 (1908)).[2]

In Plaintiff's Complaint, he seeks relief by stating that "Plaintiff needs the [state court] case to proceed under court rules of practice." Compl. at 4. Construed liberally, this request states

---

[1] While the first page of the Report-Recommendation misstates the Plaintiff's name in the context of granting his application to proceed in forma pauperis, the Court need not review this non-dispositive issue, and the misstatement appears to be a purely clerical error.

[2] Such injunctive relief would only be available in this case insofar as Plaintiff can state a federal constitutional claim, since the Eleventh Amendment bars suits against state officials in federal court for violations of state law in the course of their official duties. E.g., Almendral v. N.Y. State Office of Mental Health, 743 F.2d 963, 968–69 (2d Cir. 1984).

2

a demand for prospective injunctive relief. As noted above, such a request—when sought as a remedy for a violation of federal law—may be directed against state officials, even in their official capacities.

For the reasons stated in the Report-Recommendation, Plaintiff has still failed to state a claim upon which relief may be granted. Given that he is proceeding pro se, however, the Court will allow him to amend his Complaint in an attempt to state claims against the individual defendants, both for money damages in their personal capacities and for injunctive relief in their official capacities.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 8) is **APPROVED and ADOPTED AS MODIFIED** by this Memorandum-Decision and Order; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that Plaintiff's claims against the State of New York Supreme Court, Appellate Division, and any claims for money damages against Erica Putnam Little and Kimberly E. Burns in their official capacities are **DISMISSED without leave to amend**; and it is further

**ORDERED**, that the Clerk of the Court is directed to terminate the State of New York Supreme Court, Appellate Division, as a defendant in this action; and it is further

**ORDERED**, that Plaintiff's claims against Little and Burns in their personal capacities and his claims for prospective injunctive relief against Little and Burns in their official capacities are **DISMISSED with leave to amend**; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this case, he must submit an amended complaint within **thirty days** of the filing date of this Order; and it is further

**ORDERED**, that if Plaintiff fails to file an amended complaint by the above deadline, the Clerk of the Court shall close this case without further order of the Court; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   June 19, 2017
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge