**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

THOMAS GLASS,

                Plaintiff,

    v.

STATE OF NEW YORK SUPREME COURT,
APPELLATE DIVISION; ERICA PUTNAM
LITTLE, Officer of the Court in their Official
Capacity; KIMBERLY E. BURNS, Officer
of the Court in their Official Capacity,

                Defendants.

1:17-CV-226
(LEK/CFH)

---

**APPEARANCES:**

Thomas Glass
3 Millpaint Lane, Apt. 1C
Owings Mills, Maryland 21117
Plaintiff Pro se

New York State Attorney General, Albany
The Capitol
Albany, New York 12224
Attorneys for Defendants

**OF COUNSEL:**

MARK G. MITCHELL, ESQ.

**REPORT-RECOMMENDATION AND ORDER**

**I. Procedural History**

    Presently pending before the Court is plaintiff pro se Thomas Glass' Amended Complaint. Dkt. No. 12. On April 26, 2017, the undersigned recommended that the Court (1) grant plaintiff In Forma Pauperis ("IFP") status; (2) dismiss with prejudice plaintiff's claims against the State of New York Supreme Court, Appellate Division pursuant to Section 1983; (3) dismiss with prejudice all claims against defendants Erica

Putnam Little and Kimberly E. Burns in their official capacities; (4) dismiss without prejudice all claims against defendants Putnam and Burns in their personal capacities without prejudice; and (5) dismiss without prejudice plaintiff's claims arising under the Fourteenth Amendment Equal Protection Clause and Article 1, §11 of the New York State Constitution. Dkt. No. 8. Senior District Judge Kahn, on June 19, 2017 approved and adopted the Report-Recommendation and Order as modified. Dkt. No. 10. Judge Kahn modified the Report-Recommendation and Order insofar as he dismissed with prejudice all claims for money damages against Putnam and Burns in their official capacities, but permitted any claims against these defendants in their official capacities insofar as he seeks prospective injunctive relief. Id. at 2. Thus, Judge Kahn permitted plaintiff an opportunity to amend his complaint "in an attempt to state claims against the individual defendants, both for money damages in their personal capacities and for injunctive relief in their official capacities." Id. at 3.

Plaintiff filed an amended complaint on July 14, 2017. Dkt. No. 12. Plaintiff also filed a Motion for Injunctive Relief on this date. Dkt. No. 13.

## II. Review of Amended Complaint

The undersigned must, pursuant to 28 U.S.C. § 1915(e), review plaintiff's Amended Complaint to determine whether it should proceed. Plaintiff's Amended Complaint is nearly identical to his original Complaint, with the exception being that the Amended Complaint adds, in a "Statements of Fact" section, paragraphs 11-13. Dkt. Nos. 1, 12. These paragraphs indicate that the Rules of Practice of the Appellate

2

Division require that he must comply with the rules in order to perfect an appeal; that "in order for the clerks of the Court, New York to be satisfied" with his appeal, he "would need to retain the services of a attorneys [sic] to perfect option 3 of part 800.7"; and that he "choose [sic] the simplest option being option 2 of rules of practice, part 800.7 and submit documents by the due date to perfect and file the appeal." Id. at 4 ¶¶11-13. The only other distinction between the original and amended complaints is that plaintiff modifies the "Requests for Relief" section, modifying the fifth demand to include the relevant portion of the Rules of Practice under which he seeks relief, "part 800.7" and adding as demand number six that "Injunctive relief would satisfy this case." Id. at 4; Dkt. No. 1 at 4.

The undersigned finds that plaintiff has not cured the defects identified in the undersigned's April 26, 2017 Report-Recommendation and Order and as adopted in relevant part by this Court in the June 19, 2017 Order. Dkt. Nos. 8, 10. First, the Amended Complaint does not provide any additional facts. As the undersigned indicated at that time, the complaint lacked sufficient facts for this Court to determine "whether plaintiff complied with either paying the filing fee or appl[ying] for poor person's relief at the Appellate Division permitting such fee to be waived." Dkt. No. 8 at 9.

Thus, the undersigned recommended dismissal without prejudice to provide plaintiff "an opportunity to demonstrate that he met all of the requirements of Rule 800(a)(2) *and* either paid the Appellate Division's filing fee of $315.00 or applied directly to the Appellate Division for 'poor person's relief' in order to be determined eligible to proceed without paying the fee." Id. at 12. Plaintiff's Amended Complaint does not

3

provide such information. Thus, the undersigned concludes that plaintiff has failed to cure the defect identified in the Report-Recommendation and Order, as the Court cannot assess whether plaintiff was improperly denied the ability to file his appeal, despite complying with Rule 800(a)(2) without knowing whether he met one of these requirements.

As for plaintiff's apparent attempted Fourteenth Amendment Equal Protection claim, his Amended Complaint still fails to provide any factual support to demonstrate that he "was treated differently than others similarly situated as a result of purposeful discrimination, that he is part of a suspect class, or, for purposes of a 'class of one' argument that 'an extremely high degree of similarity between himself and the person(s) to whom he compares himself.'" Dkt. No. 8 at 10. Similarly, the undersigned concludes that plaintiff's nearly identical Amended Complaint similarly fails to correct defects in his attempted Equal Protection Claim under the New York State Constitution. As the undersigned pointed out in the Report-Recommendation and Order, plaintiff failed to "allege[] membership in a protected class under the New York State Equal Protection Clause or assert[] any facts to support that defendants['] actions occurred due to his membership in a protected class." Id. at 11. Thus, plaintiff has not cured the defects in his apparent Fourteenth Amendment Due process claims against defendants Little and Burns.

Further, to the extent, that, by naming the Supreme Court, Appellate Division, in the Caption, plaintiff seeks to reallege his section 1983 claims against that defendant, these claims must fail, as they were dismissed with prejudice by this Court. Dkt. No. 8

4

at 12; Dkt. No. 10 at 3.

Ultimately, the undersigned concludes that plaintiff's amended complaint fails to cure the defects identified in the April 26, 2017 Report-Recommendation and Order and Judge Kahn's June 19, 2017 Order. Thus, the undersigned recommends that the Amended Complaint be dismissed with prejudice. The undersigned does not recommend a second opportunity to amend the complaint because, despite providing specific direction as to the original complaint's defects, plaintiff fully failed to cure these identical defects. As was explained to plaintiff in the April 26, 2017 Report-Recommendation and Order, leave to amend the original complaint was granted in order for plaintiff to specifically demonstrate (1) whether he complied with the Appellate Division's filing fee requirements or poor person relief application, and (2) provide any information to support whether he "was treated differently than others similarly situated as a result of purposeful discrimination, that he is part of a suspect class, or, for purposes of a 'class of one' argument that 'an extremely high degree of similarity between himself and the person(s) to whom he compares himself.'" Dkt. No. 8 at 10. Plaintiff's amended complaint does not even attempt to provide such additional information. Accordingly, as it appears unlikely that the undersigned will cure the defects identified in the Amended Complaint if he were permitted to amend, the undersigned recommends dismissal of the complaint with prejudice.

### III. Conclusion

**WHEREFORE**, it is hereby

**RECOMMENDED**, that plaintiff's Amended Complaint (Dkt. No. 12) be **DISMISSED** with prejudice and without opportunity to amend; and it is further

**RECOMMENDED**, that plaintiff's motion for injunctive relief (Dkt. No. 13), be **DENIED** as moot, in light of the undersigned's recommendation; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: August 3, 2017
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge